UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GENESE CARSWELL, | ) | CASE NO. 5:13cv965 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| SUMMA HEALTH SYSTEM, | ) | |
| | ) | |
| DEFENDANT. | ) | |

On April 29, 2013, *pro se* plaintiff Genese Carswell filed this *in forma pauperis* action against Summa Health System. The document initiating the lawsuit is entitled "Complaint of Wrongful Discharge" (Doc. No. 1). Plaintiff also filed a motion to proceed *in forma pauperis* (Doc. No. 2). Plaintiff filed an "Amendment to Complaint of Wrongful Discharge" on July 10, 2013 (Doc. No. 3). The amended complaint asserts in extremely general terms that defendant discriminated against plaintiff regarding disciplinary matters based on "race, sex, age, religion and tenure." (*Id.*)

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1]  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Hill v. Lappin*, 630 F.3d 468, 470 (6th

---

[1]  An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking 28 U.S.C. § 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *Chase Manhattan Mortg. Corp. v. Smith,* 507 F.3d 910, 915 (6th Cir. 2007); *Gibson v. R.G. Smith Co.,* 915 F.2d 260, 261 (6th Cir. 1990); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986).

Cir. 2010).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (2009). A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

The entire complaint, other than the portion related to this Court's jurisdiction, reads: "Now comes Genese Carswell, plaintiff to definitely allege and charge the defendant Summa Health System and/via Chuck Noebe/Area Manager, Environmental Services, with discrimination via race, sex, age, religion and tenure and violation of summa health system's employment policy # 9.2 and 9.4 regarding disciplinary actions and the like." (Doc. No. 3 at 1– 2.) Even construing the amended complaint liberally in a light most favorable to the plaintiff, *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008), it does not contain allegations reasonably suggesting she might have a valid federal claim. *See*, *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716 (6th Cir. 1996) (court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief).

For the foregoing reasons, the motion to proceed *in forma pauperis* is GRANTED, and this action is DISMISSED under 28 U.S.C. § 1915(e). The court certifies,

pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: September 27, 2013

                                              **HONORABLE SARA LIOI**
                                              **UNITED STATES DISTRICT JUDGE**